# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CARTER JESNESS,<br><br>                Plaintiff,<br><br>     v.<br><br>GREGORY LYLE BRIDGES,<br><br>                Defendant. | CASE NO. C18-1225 RSM<br><br>ORDER GRANTING PLAINTIFF JESNESS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Carter Jesness' Motion for Partial Summary Judgment against Defendant Gregory Lyle Bridges on claim of violation of 18 U.S.C. 2255(a). Dkt. #29. Defendant provided no response. Having reviewed Plaintiff's motion and all documents submitted in support thereof, the Court GRANTS Plaintiff's Motion for Partial Summary Judgment.

## II. BACKGROUND

Plaintiff Jesness at all material times was a minor and resided in Boulder, Colorado. Dkt. #1 at 1. Defendant Bridges at all material times resided in Seattle, Washington. *Id.* According to Jesness' Complaint, on or about April 26, 2013, Bridges traveled from Seattle to Colorado for

the purposes of engaging in, and did engage in, illicit sexual conduct with Jesness. *Id.* 2. Bridges' Answer admits to subsequently being charged with two counts of Travel with Intent to Engage in a Sexual Act with a minor, in violation of 18 U.S.C. § 2423(b). Dkt. #17 at 2. Bridges admitted to entering pleas of guilty to those charges. *Id.*

Jesness alleges Bridges is liable for the damages caused by the commission of the crimes against him. Dkt. #1 at 3. Jesness seeks damages for pain and suffering, lost earnings, lost earning capacity, reasonable medical expenses, loss of enjoyment of life, costs of litigation, and reasonable attorney fees. *Id.* at 3-4.

## DISCUSSION

**A. Legal Standard**

Summary judgement is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L.Ed. 2d 202 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.,* 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers,* 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson,* 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy,* 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers,* 969 F.2d at 747, *rev'd on other grounds,* 512 U.S. 79, 114 S. Ct. 2048, 129 L. Ed. 2d 67 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect

to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

### B. Analysis

Jesness argues Bridges' convictions conclusively establish liability and that Bridges has essentially admitted to the conduct in his Answer. Dkt. #29 at 2. The Court agrees. Any person, while a minor, being a victim of a violation of 18 U.S.C. § 2423 shall recover actual damages such person sustains. 18 U.S.C.A. § 2255. Having pled guilty and been sentenced for violations of 18 U.S.C. § 2423, Bridges is unable to raise a genuine issue of material fact as to his liability to Jesness. Dkt. #29 at 3.

### III. CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Jesness' Motion for Partial Summary Judgment (Dkt. #29) is GRANTED.

DATED this 28 day of October 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE