UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARTER JESNESS,

        Plaintiff,

        v.

GREGORY LYLE BRIDGES,

        Defendant.

Case No. C18-1225RSM

ORDER DENYING MOTION TO WAIVE JURY TRIAL AND SETTING TRIAL ON DAMAGES

This matter comes before the Court on Plaintiff's Motion to Waive Jury Trial and Set Trial on Damages. Dkt. #35. This Motion states, in its entirety: "COMES NOW Plaintiff CARTER JESNESS, by and through his undersigned attorney, and moves this Court for an Order waiving the jury trial in this matter and setting a date convenient to the Court in approximately 60 days for a non-jury trial on damages. This Motion is based on the accompanying Declaration of Counsel." *Id*. That declaration of counsel states, "[b]ecause of Defendant's present incarceration and especially in light of his failure to respond to Plaintiff's Motion for Summary Judgment, it is unknown, but not expected that he intends to participate in a trial of damages," and that "in order to save unnecessary cost and burden attendant to a jury trial, Plaintiff hereby waives the trial by jury previously sought herein." *Id*. at 3.

ORDER DENYING MOTION TO WAIVE JURY TRIAL AND SETTING TRIAL ON
DAMAGES - 1

"When a party properly files a jury demand under the requirements of Rule 38(b), he has satisfied all that is required by the Rules to avoid waiver, and his jury demand 'may not be withdrawn without the consent of the parties.'" *Solis v. Los Angeles*, 514 F.3d 946, 955 (9th Cir. 2008) (quoting Fed. R. Civ. P. 38(d)). "The demand for a jury trial having been properly made under Fed. R. Civ. P. 38(b), the failure to fulfill an additional requirement of a local rule . . . cannot constitute a waiver of a trial by jury." *Id.* (quoting *Pradier v. Elespuru*, 641 F.2d 808, 811 (9th Cir. 1981)). In *Solis*, the plaintiff was a pro se prisoner who properly demanded a jury trial pursuant to the requirements of Rule 38(b). The district court's determination that his failure to file proposed jury instructions and special verdict forms constituted a waiver of his right to a trial by jury was reversed by the Ninth Circuit. *Id.* The appellate court found "[t]here is no dispute that Solis did not stipulate, either orally or in writing, to consent to a bench trial. Thus, it is clear that, under Federal Rules 38 and 39, Solis never withdrew his jury trial demand." *Id.*

The jury demand in this case was made by Defendant, not by Plaintiff. *See* Dkt. #18. Accordingly, it is not Plaintiff's to waive. Plaintiff has not submitted evidence of Defendant's stipulation to proceeding with a bench trial as required by Rule 38. It appears that Plaintiff's counsel has not been in contact with Defendant, and Defendant has not responded to the instant Motion. Defendant's continued failure to participate in this case will not constitute waiver of his prior jury demand. *See Solis, supra*. Unless Plaintiff can obtain Mr. Bridges's consent to waiving jury trial, this case will proceed to a jury.

The Court finds good cause to reset this case for trial. The sole issue before the jury is damages. *See* Dkt. #31 (Order Granting Plaintiff's Motion for Summary Judgment).

ORDER DENYING MOTION TO WAIVE JURY TRIAL AND SETTING TRIAL ON DAMAGES - 2

1   Having reviewed the relevant briefing and the remainder of the record, the Court hereby
2   finds and ORDERS that Plaintiff's Motion (Dkt. #35) is GRANTED IN PART AND DENIED
3   IN PART. The Court will reset this case for trial on March 30, 2020. A revised scheduling
4   order will follow.

DATED this 9th day of January 2020.

                                        RICARDO S. MARTINEZ
                                        CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO WAIVE JURY TRIAL AND SETTING TRIAL ON DAMAGES - 3