UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARTER JESNESS,

    Plaintiff,

v.

GREGORY LYLE BRIDGES,

    Defendant.

Case No. C18-1225RSM

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Plaintiff Carter Jesness's Motion for Summary Judgment. Dkt. #58.[1] Defendant Gregory Lyle Bridges has filed a response brief. Dkt. #59. No reply brief was filed. Liability has already been established in this case, *see* Dkt. #31, and the issue of damages is properly before the Court now.

The general background facts of this case have already been set forth in the Court's Order Granting Plaintiff's Motion for Partial Summary Judgment, and are incorporated here by reference. *See* Dkt. #31. Plaintiff now seeks damages in the amount of $150,000 under 18 U.S.C. § 2255(a).

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are

---

[1] The Court directed Plaintiff to file this Motion. *See* Dkt. #57.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 1

those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Under 18 U.S.C. § 2255, a minor victim of a violation of acts under section 2423 does not have to prove "actual damages" to be awarded statutory "liquidated damages" amount of $150,000. The point of this provision is to allow such victims to recover without having to endure damages hearings. *See Doe v. Boland*, 698 F.3d 877, 2012 FED App. 0382P, 2012 U.S. App. LEXIS 23094 (6th Cir. 2012), *cert. denied*, 570 U.S. 904, 133 S. Ct. 2825, 186 L. Ed. 2d 883, 2013 U.S. LEXIS 4676 (2013).

The Defendant in this case was charged with and pleaded guilty to two counts of violation of 18 U.S.C. § 2243(b), travel with intent to engage in a sexual act with a minor, and has admitted in his answer hereto that Plaintiff was the victim of these crimes. *See* Dkt. #17.

Defendant argues that 18 U.S.C. § 2255 has never been applied in a case with the single triggering event of §2423(b), and generally argues that Plaintiff was not really injured by his

underlying criminal acts. *See* Dkt. #59. Defendant admits that he traveled across state lines to have sex with Plaintiff as a minor and did have sex with Plaintiff, but argues that such is less severe than other cases awarding damages under §2255 that involved the creation of child pornography.

It is clear from the record that Plaintiff was injured to some degree, even if it appeared he consented to the sexual acts at the time. No reasonable jury could conclude otherwise. Damages are thus available under §2255. It was Congress's intent in passing §2255 for victims such as Plaintiff to be able to avoid an embarrassing and potentially painful damages hearing to determine the extent of the injury. $150,000 in liquidated damages are thus available, and Defendant has failed to make a sufficient legal showing that such should not be available here.

Given all of the above, the Court hereby FINDS and ORDERS that Plaintiff's Motion for Summary Judgment, Dkt. #58, is GRANTED. Judgment shall be entered in favor of Plaintiff and against Defendant in the amount of $150,000. This case is CLOSED.

DATED this 9th day of July, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE